IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIARHEI VIANTSKO, | No. 4:25-CV-02523 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| CRAIG A. LOWE, *et al.*, | |
| Respondents. | |

**MEMORANDUM OPINION**

**FEBRUARY 5, 2026**

## I.    BACKGROUND

Siarhei Viantsko, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Viantsko is currently detained at the Pike County Correctional Facility within the Middle District of Pennsylvania.[2]

Viantsko, a citizen and native of the Republic of Belarus, entered the United States of America in November of 2022 and was later paroled while his application for asylum was pending.[3] He then obtained an employment application document and was lawfully employed in this country.[4] On August 20, 2025, Viantsko was

---

[1]    Doc. 1.
[2]    *Id.* at 2.
[3]    *Id.* at 4, 14-15.
[4]    *Id.* at 15.

arrested on his way to work and ICE has since refused him a bond hearing, asserting that he is subject to mandatory detention.[5]

In December 2025, Viantsko filed this § 2241 petition asserting that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).[6] Specifically, Viantsko asserts that, because he was detained inside of the United States, his detention is governed by 8 U.S.C. § 1226(a), and the Government is incorrect that 8 U.S.C. § 1225(b)—which provides for mandatory detention without a bond hearing— applies to him.[7]

The Government initially responded that this Court lacks jurisdiction to consider Viantsko's petition, because 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g) jointly deprive this Court of jurisdiction to consider a challenge to any matter relating to the commencement of removal proceedings against Viantsko, and strip jurisdiction from district courts to review Viantsko's order of removal and vest such jurisdiction exclusively with the relevant court of appeals.[8]

Respondents further argue that § 1225(b) applies to all individuals who are not inspected and lawfully admitted to the country, regardless of whether they manage to enter the country surreptitiously, and Viantsko is therefore subject to

---

[5]  *Id.* at 14-16.
[6]  Doc. 1.
[7]  *Id.* at 6-14, 16-18.
[8]  Doc. 9 at 18-26.

mandatory detention without a bond hearing.[9] Finally, Respondents assert that Viantsko's continued detention does not violate his due process rights.[10]

This Court conducted a telephonic status conference call and heard argument from the parties on January 16, 2026. Shortly before that conference call, the United States Court of Appeals for the Third Circuit issued a decision in *Khalil v. President, United States of America*, which addressed when district courts have jurisdiction to consider certain immigration issues.[11] Because that case may have implicated jurisdiction in this matter, the Court placed this matter in abeyance pending a final judgment in *Khalil*.[12]

Respondents have since filed a letter withdrawing any argument related to jurisdiction and "conced[ing] that the Court has subject-matter jurisdiction to rule on the merits of the petition."[13] For the reasons discussed below, the Court agrees and will therefore lift the stay in this matter and address the merits of Viantsko's § 2241 petition. For the following reasons, the petition will be granted.

---

[9]   *Id.* at 26-45.
[10]  *Id.* at 45-49.
[11]  __ F.3d __, __, No. 25-2162, 2026 WL 111933, at *9 (3d Cir. Jan. 15, 2026).
[12]  Doc. 11.
[13]  Doc. 12.

## II.    DISCUSSION

### A.    Jurisdiction

Respondents initially argued that the Court lacks jurisdiction to consider Viantsko's § 2241 petition, pointing to three sections of the Immigration and Nationality Act ("INA")—Sections 1252(g), 1252(b)(9), and 1252(a)(2)—that they asserted strip district court of jurisdiction to hear such petitions.[14] As just discussed, Respondents have now withdrawn that argument and concede that this Court has subject matter jurisdiction over Viantsko's petition.[15] The Court agrees that it possesses jurisdiction over this matter.

Numerous courts, including several judges in the Middle District of Pennsylvania, have had occasion to address the issue of whether the INA strips district courts of jurisdiction over challenges to administrative detention.[16] Those courts have been nearly unanimous in their determination that the INA does not strip district courts of jurisdiction to hear and decide such claims.[17] Further, the Third

---

[14]  Doc. 9 at 18-26.

[15]  Doc. 13.

[16]  For a more extensive discussion on the jurisdiction of district courts over these matters *see* the Report and Recommendation authored by United States Magistrate Judge A. Sean Camoni and adopted by the United States District Judge Jennifer P. Wilson. *See Santana-Rivas, v. Warden of Clinton Cnty. Corr. Facility*, No. 3:25-CV-01896, 2025 WL 3522932 (M.D. Pa. Nov. 13, 2025) (the jurisdictional section of this report was adopted in its entirety).

[17]  *See Patel v. O'Neill,* 3:25-CV-2185, 2025 WL 3516865 (M.D. Pa. Dec. 8, 2025) ("federal district courts to consider this issue have almost universally held that they have jurisdiction to consider habeas petitions like the one filed by Petitioner"); *Quispe v. Rose*, No. 3:25-cv-02276, 2025 WL 3537279 (M.D. Pa. Dec. 10, 2025); *Cunin v. Brian*, No. 3:25-CV-1887, 2025 WL 3542999 (M.D. Pa. Dec. 10, 2025).

Circuit has stated unambiguously that Section 1252(g) "does not sweep broadly."[18] Rather, Section 1252(g) "directs other courts not to hear challenges to three of the Attorney General's 'decision[s] or action[s]': those that 'commence proceedings, adjudicate cases, or execute removal orders.'"[19] Section 1252(g) "reaches only these three specific actions, not everything that arises out of them."[20]

As Magistrate Judge Sean Camoni succinctly stated: "Petitioner does not ask this Court to review the decision or action to commence immigration proceedings against her, nor to adjudicate her case, nor to impose or eventually execute a removal order. Petitioner only seeks review of her ongoing detention, a heartland habeas corpus claim."[21] This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to hear habeas corpus cases for persons alleging that they are in custody in violation of the Constitution, laws, or treaties of the United States.[22]

---

[18] *Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 296 (3d Cir. 2020).

[19] *Id.* (quoting 8 U.S.C. § 1252(g)).

[20] *Id. See also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Respondents' arguments under Section 1252(b)(9) fare no better as their application of the section would lead to the "staggering results" discussed by the United States Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018). "Under such a regime of unreviewable, indefinite executive detention, any person could be taken into custody and held for any amount of time, without recourse." *Santana-Rivas*, 2025 WL 3522932, at *5. Needless to say, such a regime should surely be avoided, and can easily be avoided with a finding that district courts have the jurisdiction to hear these cases. Further, "Section 1252(b)(9) also does not divest this Court of jurisdiction over the habeas petition, because it 'does not reach claims that are independent of, or wholly collateral to, the removal process.'" *Patel*, 2025 WL 3516865, at *7 (quoting *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020)).

[21] *Santana-Rivas*, 2025 WL 3522932, at *4.

[22] *Denmore v. Kim*, 538 U.S. 510, 517 (2003); *Rasul v. Bush*, 542 U.S. 466, 483 (2004).

The Third Circuit's recent decision in *Khalil* emphasizes this point. There, the Third Circuit considered when questions of law and fact arise from a removal proceeding and would therefore divest district courts of jurisdiction to hear a 28 U.S.C. § 2241 petition, pursuant to 8 U.S.C. § 1252(b)(9).[23] It observed that it had previously "read the 'arising from' phrase to require courts to 'ask: If not now, when? If the answer would otherwise be never, then § 1252(b)(9) poses no jurisdictional bar.'"[24] Consequently, if an individual "can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a PFR to a court of appeals—they must do so."[25] That court then held that "[a] now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a PFR. It is not enough to assert an injury that cannot be remedied later."[26]

The Third Circuit observed that, although the petitioner brought a detention-specific claim, he simply "repackage[d] his challenges to his removal" and such a claim cannot therefore be raised in a § 2241 petition.[27] However, the Third Circuit was careful to emphasize that "some claims can be detention-specific, like . . .

---

[23] *Khalil*, 2026 WL 111933 at *8.
[24] *Id.* (quoting *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020)).
[25] *Id.*
[26] *Id.* at *9.
[27] *Id.* at *11.

length-and conditions-of-confinement claims" and may be brought in § 2241 petitions.[28]

Viantsko brings just such a challenge here. He does not challenge the decision to initiate removal proceedings, or the decision to initially detain him. Rather, he challenges only his continued detention without a bond hearing, pursuant to 8 U.S.C. § 1225(b), and asserts that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).[29] Because Viantsko challenges only to his continued detention, and given that Viantsko is detained within this Court's jurisdiction and by a custodian within this jurisdiction when he filed the Petition, this Court has jurisdiction to hear the claims within the petition.[30]

## B.    Merits of the Petition

Viantsko brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[31] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending

---

[28] *Id.*
[29] Doc. 1.
[30] *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).
[31] 28 U.S.C. § 2241(c)(2).

removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[32]

The determination of whether Viantsko is improperly detained requires an examination of two separate provisions in immigration law: 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(a). Section 1225(b) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings.[33] In contrast, 8 U.S.C. § 1226(a) states only that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In accordance with that language, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."[34] These two provisions therefore provide for opposite outcomes: under § 1225(b) Viantsko may not receive a bond hearing, but under § 1226(a) he must receive such a hearing. The Court therefore examines each statute to determine which applies to Viantsko.

Turning first to 8 U.S.C. § 1225, as the Honorable Karoline Mehalchick recently observed, "[t]o trigger § 1225(b)(2)(A), an examining immigration officer must determine that an individual is (1) an applicant for admission, (2) seeking

---

[32] *J.G.G.*, 604 U.S. at 672.
[33] 8 U.S.C. § 1225(b)(2)(A).
[34] *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

admission, and (3) not clearly and beyond a doubt entitled to be admitted."[35] "Section 1225(b)(2)(A) applies only to an alien who is both an 'applicant for admission' and 'seeking admission.'"[36]

Section 1225 defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)."[37] While applicable federal law does not define "alien seeking admission," courts construe the plain language of "seeking admission" to describe "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry."[38]

As courts have observed, such a "reading comports with the Supreme Court's finding in *Jennings v. Rodriguez*,"[39] wherein the Supreme Court "noted [that] § 1225(b) applies primarily to aliens seeking entry into the United States."[40] That reading of "seeking admission" further "preserves a distinction between 'seeking admission' and the separate term 'applicant for admission,' ensuring that each phrase

---

[35] *Ramirez-Montoya v. Rose*, No. 3:25-CV-02411, 2025 WL 3709045, at *4 (M.D. Pa. Dec. 22, 2025).

[36] *Id.*

[37] 8 U.S.C. § 1225(a)(1).

[38] *Ramirez-Montoya*, 2025 WL 3709045, at *4 (collecting cases).

[39] *Id.*

[40] *Jennings*, 583 U.S. at 297.

carries independent meaning."[41] In sum, a plain reading of § 1225(b) demonstrates that it applies to individuals who are attempting to enter the United States, not those already within the country.

With respect to § 1226, the Supreme Court has been explicit that "§ 1226 applies to aliens already present in the United States."[42] That section "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings" and "permit[ting] the Attorney General to release those aliens on bond."[43] Therefore, while § 1225 applies to individuals detained while entering or attempting to enter the country, § 1226 applies generally to those who are detained within the country.

These definitions create dual tracks: if an individual is detained attempting to enter the country illegally or while otherwise presenting themselves for inspection and entry, they are subject to mandatory detention pursuant to § 1225. If they are arrested after having already entered the country, they are subject to detention under § 1226 and are entitled to a bond hearing.

Applying that distinction here, Viantsko must be detained pursuant to § 1226 and is therefore entitled to a bond hearing. Viantsko entered the United States in November of 2022 and, at that time, he could reasonably have been construed as

---

[41] *Ramirez-Montoya*, 2025 WL 3709045, at *4.
[42] *Jennings*, 583 U.S. at 303.
[43] *Id.*

seeking admission and therefore as an individual governed by § 1225.[44] However, he was not arrested and detained until August of 2025[45] after having resided "in the United States for an extended period of time"; accordingly he is no longer an seeking admission and "§ 1226(a), not § 1225(b)(2)(A), applies to" Viantsko during his detention.[46] Because § 1226(a) applies, mandatory detention is not warranted, and he must be provided with a bond hearing.[47]

Having determined that Viantsko is being detained under the wrong section of immigration law and is improperly being denied a bond hearing, the Court must next determine whether Respondents' actions violate Viantsko's Fifth Amendment Due Process rights.[48]

The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property without due process of law." That Amendment "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent,"[49] and therefore individuals "facing removal are entitled to due process."[50]

---

[44] Doc. 1 at 14.

[45] *Id.*

[46] *Ramirez-Montoya*, 2025 WL 3709045, at *5.

[47] *See, e.g., Patel v. O'Neil*, No. 3:25-CV-2185, 2025 WL 3516865, at *5 (M.D. Pa. Dec. 8, 2025) (finding in similar circumstances that § 1226(a) applies).

[48] Viantsko brings claims under the Fifth Amendment, the INA, and certain regulations. Doc. 1 at 16-18. Because this Court will resolve the issue on the constitutional question, it need not address the remaining claims.

[49] *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

[50] *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

This Court applies the balancing test developed in *Mathews v. Eldridge*,[51] to determine whether the failure to provide Viantsko with a bond hearing under § 1226(a) violates his due process rights.[52] Under that test, courts must consider

> three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.[53]

The first factor weighs heavily in favor of concluding that Petitioners' actions have deprived Viantsko of his due process rights, as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."[54] The second factor likewise favors Viantsko, "as he is presently and *erroneously* detained under the mandatory detention provisions of § 1225, without an opportunity for a bond hearing."[55]

Finally, as other courts have observed, the Government does have an interest in detaining noncitizens to ensure "'the appearance of aliens at future immigration

---

[51]   424 U.S. 319, 335 (1976).

[52]   *Cf. Sewak v. I.N.S.*, 900 F.2d 667, 674 (3d Cir. 1990) (applying that test to determine whether applicable deportation regulations were capable of protecting an individual's due process rights).

[53]   *Mathews*, 424 U.S. at 335.

[54]   *Zadvydas*, 533 U.S. at 690. *See also Patel*, 2025 WL 3516865, at *6; *Ramirez-Montoya*, 2025 WL 3709045, at *6.

[55]   *Patel*, 2025 WL 3516865, at *6 (quoting *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *8 (D.N.J. Oct. 22, 2025)).

proceedings' and 'prevent[] danger to the community.'"[56] These interests certainly justify detaining individuals in appropriate circumstances. But they cannot weigh in favor of Respondents when they are denying wholesale a bond hearing—the very purposes of which is to establish whether an individual "poses [a] flight risk [or a] danger to the community."[57] In balancing these three factors then, it is clear that Viantsko's continued detention without a bond hearing violates his due process rights. Consequently, the Court will grant his § 2241 petition.

## III.    CONCLUSION

For the foregoing reasons, the Court concludes that Respondents have violated Viantsko's due process rights by holding him without a bond hearing. Accordingly, his petition will be granted, and the Government will be required to provide Viantsko with a bond hearing or release him from custody.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[56]    _Soto_, 2025 WL 2976572, at *8 (quoting _Zadvydas_, 533 U.S. at 690).
[57]    _Ramirez-Montoya_, 2025 WL 3709045, at *4 (internal quotation marks omitted).